EL PUEBLO, DEMANDANTE Y APELADO; *v.* BALZAC, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Arecibo en causa por libelo.

No. 1416.—Resuelto en marzo 4, 1920.

SUSPENSION DEL JUICIO.—Cuando suspendido el juicio repetidas veces a instancia del acusado, solicita por telégrafo éste poco antes del día fijado nuevamente para el mismo la citación de ciertos testigos que alega no fueron debidamente citados para comparecer, no comete error la corte al denegar una nueva moción de suspensión, especialmente cuando la importancia de la prueba ofrecida no se demuestra.

JUICIO POR JURADO—DERECHOS DEL ACUSADO—DELITOS MENOS GRAVES.—No siendo aplicable a Puerto Rico aquella parte de la Enmienda Sexta de la Constitución de los Estados Unidos, que confiere al acusado en todos los casos criminales el derecho a un juicio por jurado, cuando al acusado se le imputa un delito menos grave (*misdemeanor*), no tiene, de acuerdo con el Código de Enjuiciamiento Criminal, derecho a un juicio por jurado.

LIBELO—PRUEBA SOBRE IDENTIFICACIÓN DEL EDITOR.—La declaración rendida por una persona sin objeción del acusado, tendente a demostrar que éste, al cual identificó, era el editor del periódico en donde apareció el artículo libeloso, es prueba suficiente de tal hecho.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. J. de J. Tizol, A. Peña y J. Soto Rivera.*

Abogado del apelado: *Sr. J. E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Cinco son los señalamientos de error que han sido alegados en esta apelación.

Se solicitó la suspensión de la vista. El motivo alegado fué que no se citaron para el juicio ciertos testigos de la defensa. La vista se suspendió cuatro veces a instancia del acusado. El juicio se señaló finalmente para el 29 de julio de 1918. A última hora, por telégrafo, el 26 de julio, siendo el 27 y el 28 sábado y domingo, el acusado pidió la citación

de varios testigos que no pudieron ser debidamente citados
y no comparecieron. El método seguido por el acusado no
es el autorizado por la ley, y su negligencia al dejar su pe-
tición para tan tarde, es clara. Además, en la moción soli-
citando la suspensión se indica lo esencial de lo que decla-
raría cada testigo de los que dejaron de comparecer, y, a
nuestro juicio, aceptando como ciertas todas sus manifesta-
ciones, ellas no justificarían la conducta del acusado.

En el segundo señalamiento de error sostiene el apelante
que tenía derecho a un juicio por jurado. El delito que se
le imputa es un delito menos grave (*misdemeanor*). Según
entendemos las decisiones de la Corte Suprema de los Es-
tados Unidos en los casos de *The People of Porto Rico et al.*
v. *Carlos Tapia,* y *The People of Porto Rico et al.* v. *José
Murati,* 245 U. S. 639, aquella parte de la Enmienda Sexta a
la Constitución de los Estados Unidos que confiere al acu-
sado en todos los casos criminales el derecho a un juicio
por jurado, no es aplicable a Puerto Rico. De acuerdo con
el Código de Enjuiciamiento Criminal un acusado solo tiene
derecho a un juicio por jurado en los casos de delito grave
(*felony*).

En el tercer señalamiento de error se alega que la acu-
sación no imputaba un delito público de conformidad con
los artículos 243 y 244 del Código Penal. El artículo 243
prescribe lo siguiente:

"Constituye libelo cualquiera maliciosa difamación expresada por
medio de escritos, impresos, signos, láminas, dibujos u otra forma
análoga, tendentes a denigrar la memoria de un difunto, o impugnar
la honradez, integridad, virtud o buena fama de un vivo, o publicar
sus defectos naturales o supuestos, exponiéndolo así al odio, des-
precio o ridículo público."

El artículo que se transcribe en la acusación formulada
en este caso es tan violento en la forma abusiva del lenguaje
usado, que no creemos conveniente reproducirlo para los fines
de nuestros récords. No solo mostraba su simple lectura
que el Gobernador de Puerto Rico era objeto de ataque, sino

que en media docena o más partes del artículo habían frases que, de ser ciertas, necesariamente expondrían a Arthur Yager al odio, desprecio o ridículo público. Además, varios testigos declararon en el juicio que habían leído el artículo y necesariamente tenían que interpretarlo en el sentido de que en él el gobernador quedaba expuesto a tal odio, desprecio y ridículo público.

El cuarto y quinto señalamientos de error pueden ser considerados en conjunto. El apelante sostiene en sustancia que la prueba no mostró que Balzac era el editor del periódico donde apareció el artículo libeloso; o que él tuviera algo que ver con la publicación. El apelante dice que la prueba presentada por El Pueblo de Puerto Rico consistía en un periódico donde constaba que Balzac era el editor. Es cierto que se hizo objeción a la admisión de este periódico, pero antes de ser admitido como prueba se había permitido declarar a un testigo, sin hacerse objeción, que el acusado, a quien este testigo identificó, era el editor del referido periódico, y la misma prueba del acusado tendía a corroborar la prueba aducida por el gobierno de que el acusado y apelante era responsable por la publicación.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.